# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| FAYE BROOKS, *Plaintiff,* v. BABCOCK & WILCOX POWER GENERATION GROUP, INC., *ET AL.* *Defendants.* | CASE NO. 6:15–cv–00040 MEMORANDUM OPINION JUDGE NORMAN K. MOON |

This case is before the Court upon BWXT Nuclear Operations Group, Inc.'s ("BWXT") motion to dismiss (docket no. 51).

Plaintiff in this suit is Faye Brooks, a resident of Richmond, Virginia. BWXT is a nuclear operations facility in Lynchburg, Virginia.[1] Brooks filed this suit after BWXT terminated her. She claims that her termination violated ERISA Section 510 and also constituted unlawful termination under *Bowman v. State Bank of Keysville*, 331 S.E.2d 797 (Va. 1985) (hereinafter, "a *Bowman* claim").

Brooks has sufficiently alleged that BWXT terminated her with the intent to interfere with her pension plan, and therefore has adequately pled a violation of ERISA Section 510. Brooks has failed to sufficiently allege a *Bowman* claim because she has not alleged that she was terminated for exercising a right protected by Va. Code § 40.1-51.2:1 or by Va. Code § 18.2-172. Accordingly, BWXT's motion to dismiss will be granted in part and denied in part.

---

[1] Plaintiff initially named two other defendants: Babcock & Wilcox Power Generation Group, Inc. ("Babcock & Wilcox"), and BWX Technologies, Inc. ("BWX"). Babcock & Wilcox and BWX filed a joint motion to dismiss (docket no. 13), but have subsequently been dismissed from this case with prejudice (docket no. 40).

## I. Facts as Alleged

Brooks worked at BWXT for more than twenty-three years before she was fired. On the date of her termination, Brooks was employed as an SRM Transportation Admin, and one of her primary job duties was shipping nuclear waste to disposal facilities. Prior to her termination, she received satisfactory job performance reviews.

On October 29, 2013, she was fired ostensibly for violating a workplace safety rule. In particular, Brooks was accused of forging another employee's name on a nuclear waste shipment.

The rule—called the "signature" rule—she alleges "was a 'rule' in name only." Am. Compl. ¶ 13. The rule was "routinely ignored by [BWXT] employees," and "Brooks was specifically trained to avoid [the rule] where necessary." *Id.*

Brooks alleges that the stated reason for her termination was pretextual. She claims she was actually fired because BWXT "wanted to replace her with a younger and cheaper employee—namely, one who received lesser welfare and pension benefits." *Id.* at ¶ 16. BWXT accomplished its goal: Brooks was replaced by "someone with significantly less experience and significantly less entitlement to welfare and pension benefits provided by [BWXT]." *Id.* at ¶ 12.

According to Plaintiff, BWXT's intent to interfere with her benefits is shown from two facts. First, in the spring or summer of 2013, Brooks interviewed for a different position at the company. During the interview, BWXT personnel "pointedly asked Brooks when she planned to retire." Compl. ¶ 18. Second, after Brooks was terminated, BWXT sent her a package recognizing her "retirement" from the company. The package asked her to logon to the company website and select a "Retirement Award." *Id.* at ¶ 19. Plaintiff claims these facts show BWXT "was truly focused on getting her to retire and, in turn, lessen her retirement benefits." *Id.*

## II. STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Stated differently, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## III. ERISA SECTION 510

### A. APPLICABLE LAW

Section 510 of ERISA makes it "unlawful for any person to discharge . . . a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan . . . ." 29 U.S.C. § 1140.

### B. DISCUSSION

1. Protected Class

Neither Brooks' original nor amended complaint specifically states that she is a participant or beneficiary of an ERISA plan. For that reason, BWXT argues that Brooks has failed to allege she belongs to a protected class.

Brooks avers, however, that she was an employee of BWXT for more than twenty-three years. She also claims that BWXT terminated her "because it wanted to replace her with a younger and cheaper employee—namely, one who received lesser welfare and pension benefits." Compl. ¶ 11. Taken together, these two facts imply that Brooks was a participant in or beneficiary of an ERISA plan.

2. Qualified for the Position

Brooks admits in her complaint that she violated a workplace safety rule. BWXT argues that Brooks therefore cannot be qualified for the position. Although Brooks may have violated a work safety rule, it was a rule she alleges that she was "specifically trained to avoid where necessary" and that other employees "routinely ignored." Accordingly, Brooks has alleged facts that suggest compliance with the rule was not a condition of maintaining qualified employment. Violation of the rule, therefore, would not necessarily mean Brooks was unqualified for the job.

3. Specific Intent

Under the *McDonnell Douglas* scheme of proof for Section 510, Brooks must allege that her employer had the specific intent to interfere with her pension benefits. *See Conkwright v. Westinghouse Elec. Corp.*, 933 F.2d 231, 238 (4th Cir. 1991); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff's proof "must adduce facts, which if taken as true, could enable a jury to identify unlawful intent from the other various reasons why [BWXT] might have terminated [her], and to conclude that [BWXT] harbored the requisite unlawful

- 4 -

intent." *Conkwright*, 933 F.2d at 239 (citing *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1113 (2d Cir. 1988)).

Brooks has alleged that BWXT terminated her, at least in part, to eliminate her eligibility for higher pension benefits by hiring a younger employee. Further, she has alleged that BWXT's stated reason for her termination was pretextual: she was fired for forging a document, but it was at BWXT's instructions.

On the issue of specific intent, the case may move at least to the summary judgment stage. Accordingly, BWXT's motion to dismiss the ERISA claim will be denied.

### IV. *Bowman* Claim

Plaintiff claims that Defendant wrongfully terminated her in violation of Virginia public policy. In particular, she alleges her termination violated the policies embodied in Va. Code §§ 40.1-51.2:1 and 18.2-172.

A. APPLICABLE LAW

Virginia adheres to the common law doctrine of at-will employment, "under which employment is generally terminable at any time, for any reason or for no reason at all." *Torabipour v. Cosi, Inc.*, 2012 WL 2153168, at *5 (E.D. Va. June 12, 2012) (citing *Lockhart v. Commonwealth Educ. Sys.*, 439 S.E.2d 328, 330 (Va. 1994)).

Virginia courts have recognized a narrow "exception to the doctrine of employment-at-will based on an employer's violation of public policy in the discharge of an employee." *Rowan v. Tractor Supply Co.*, 559 S.E.2d 709, 710 (Va. 2002).

This exception—termed a *Bowman* claim—has been recognized in only three circumstances: (1) where "an employer violated a policy enabling the exercise of an employee's statutorily created right"; (2) "when the public policy violated by the employer was explicitly

expressed in the statute and the employee was clearly a member of that class of persons directly entitled to the protection enunciated by the public policy"; and (3) "where the discharge was based on the employee's refusal to engage in a criminal act." *Rowan*, 559 S.E.2d at 711.

B. DISCUSSION

1. Va. Code § 40.1-51.2:1

Plaintiff has identified Va. Code § 40.1-51.2:1 as one basis of her *Bowman* claim. The provision provides that:

> No person shall discharge or in any way discriminate against an employee because the employee has filed a safety or health complaint or has testified or otherwise acted to exercise rights under the safety and health provisions of this title for themselves or others.

Va. Code §40.1-51.2:1.

This provision would qualify as a statute that "enabl[es] the exercise of an employee's statutorily created right."[2] *See Rowan*, 559 S.E.2d at 711. Plaintiff has failed, however, to assert that she was terminated for exercising rights established under the statute.

Plaintiff alleges in her complaint that she was terminated "for allegedly violating [a] work safety rule" that she "was routinely asked to ignore . . . ." Docket No. 1, ¶ 8–9. Plaintiff elaborates in her brief that BWXT's conduct violates Section 40.1-51.2:1 "because it created a workplace that tolerated safety problems and then punished [plaintiff] for engaging in the very conduct it encouraged her to engage in." Docket No. 32, at 7.

Even if the above is true, Brooks has not alleged she was terminated for violating rights established by Section 40.1-51.2:1. Brooks has not, for instance, alleged that she either (1) filed a safety or health complaint, (2) testified, or (3) otherwise acted to exercise rights under the safety

---

[2] The statute does not explicitly express a public policy of the Commonwealth. Nor does plaintiff allege that she was terminated for refusing to engage in criminal conduct. Indeed, Brooks avers in her complaint that she violated the workplace safety rule.

- 6 -

and health provisions of the relevant title. That BWXT's conduct may have created a workplace that tolerated safety problems does not violate a right articulated by the relevant section.

       2. Va. Code § 18.2-172

Plaintiff also relies on Va. Code § 18.2-172. Section 18.2-172 is a criminal statute which provides that:

> If any person forge any writing . . . to the prejudice of another's right, or utter, or attempt to employ as true, such forged writing, knowing it to be forged, he shall be guilty of a Class 5 felony. Any person who shall obtain, by any false pretense or token, the signature of another person, to any such writing, with intent to defraud any other person, shall be deemed guilty of the forgery thereof, and shall be subject to like punishment.

Plaintiff does not allege that she refused to commit forgery when ordered by a superior—indeed, she admits that she forged a coworker's signature. Moreover, she does not claim that the statute creates an express right which BWXT violated. Instead, she argues that the forgery statute is a statute "designed to protect the property rights, personal freedoms, health, safety or welfare of the people in general." *City of Virginia Beach v. Harris*, 523 S.E.2d 239, 232 (Va. 2000) (quotation marks omitted).

Even if the forgery statute is such a statute, Plaintiff must show that "she is a member of the class of individuals the public policy is intended to benefit." *Anderson v. ITT Indus. Corp.*, 92 F. Supp. 2d 516, 521 (E.D. Va. 2000). The statute of course protects the victims of forgery, which Plaintiff is not. The statute also imposes upon Plaintiff "a duty [] not to commit the crimes of forgery or obtaining money under false pretenses." *Id.* at 523. Here, however, Plaintiff has violated that duty by forging the signature, and was fired for doing so. This is not sufficient to state a valid *Bowman* claim. *Cf. Anderson*, 92 F. Supp. 2d at 523 (employee stated valid *Bowman* claim after being fired for refusing to commit forgery); *see also Pacquette v. Nestle USA, Inc.*, No. 4:06CV00060, 2007 WL 1343794, at *7 (W.D. Va. May 7, 2007) ("While [Virginia's

forgery statute], like all laws, reflect[s] the public policy of Virginia to some extent, the Plaintiff has not alleged any facts to show a new cause of action should be based upon [this] statute[].").

## V. CONCLUSION

For the above stated reasons, Defendant's motion to dismiss will be granted in part and denied in part. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this ___8th___ day of August, 2016.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE